UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

3D ENTERPRISES GROUP OF FLORIDA,
INC.,

       Plaintiff,
and                                  Case No.  8:09-cv-576-T-33TBM

OCALA RESTAURANT PARTNERS,
INC.

       Rule 19 Involuntary
       Plaintiff/Cross-claimant,

and

UNDERWRITERS AT LLOYD'S LONDON,

       Defendant.
_____/

**ORDER**

This cause is before the Court pursuant to Defendant Underwriters at Lloyd's London's ("Underwriters") Motion to Strike (Doc. # 124), filed on May 27, 2011. Ocala Restaurant Partners (ORP) failed to timely respond to Underwriters' motion or move the Court for an extension of time. On June 24, 2011, the Court ordered ORP to show cause by July 1, 2011, why the motion should not be considered without a response (Doc. # 127). ORP did not respond to the order. The Court will therefore consider the motion as unopposed. For the reasons that follow, the Court denies the Motion to Strike.

I. **Background**

This dispute arises from a fire that damaged 3D Enterprises' restaurant and certain business property on or about August 16, 2007. 3D is the named insured under insurance policy 26968, issued by Underwriters. (Doc. # 109 at ¶ 3). ORP is the loss-payee and named mortgagee under the policy. (Id. at ¶ 4). 3D asserts that Underwriters refused to honor 3D's claim under the policy, and refused to pay benefits to either 3D or ORP. (Id. at ¶ 4). 3D's Second Amended Complaint asserts a claim for declaratory judgment against Underwriters and ORP (Count I) and breach of contract and conversion as to Underwriters only (Counts II and III).

ORP filed its Answer, Affirmative Defenses and Cross-claim on May 12, 2011 (Doc. # 122). The Cross-claim against Underwriters asserts claims of breach of contract (Count I) and conversion (Count II). Attached to the Cross-claim as Exhibit 1 is ORP's Sworn Statement in Proof of Loss (SPOL), which appears to have been filed with Underwriters in June 2008 (Id. at 7).

On May 27, 2011, Underwriters filed the Motion to Strike (Doc. # 124), in which they seek an order striking Exhibit 1 and the references to it in Paragraphs 27 and 29 of ORP's Cross-claim.

**II. <u>Analysis</u>**

Rule 12(f) of the Federal Rules of Civil Procedure, provides that upon motion by a party or upon the court's initiative, "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). When considering a motion to strike, a court must accept all well-pleaded facts as true and not consider matters beyond the pleadings. <u>Carlson Corp./Se. v. Sch. Bd. of Seminole Co., Fla.</u>, 778 F. Supp. 518, 519 (M.D. Fla. 1991).

However, a motion to strike is a drastic remedy disfavored by the courts. <u>Thompson v. Kindred Nursing Ctrs. E., LLC</u>, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002). Generally, "a court will not exercise its discretion under the rule to strike a pleading unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." <u>Reyher v. Trans World Airlines, Inc.</u>, 881 F. Supp. 574, 576 (M.D. Fla. 1995).

Underwriters contends that the SPOL has no relation to ORP's claim for breach of contract. (Doc. # 124 at 3). Underwriters describes the SPOL as a statement of the insured to the insurance company regarding the property loss.

3

Underwriters asserts that ORP's breach of contract claim does not allege that Underwriters failed to pay the amount shown on the SPOL but rather that Underwriters did not pay insurance proceeds in response to the SPOL, which itself is not a contract. (Id.). Thus, Underwriters contends that "the SPOL is an unnecessary, immaterial document" that is "hearsay being used to bolster the claim." (Id. at 3-4).

The Court is unconvinced that the SPOL has no possible relationship to this matter. A review of the policy, attached as an exhibit to 3D's complaint, shows that the insured is contractually obligated to timely submit an SPOL to Underwriters. Moreover, Underwriters has not convinced the Court that the SPOL would confuse the issues or cause undue prejudice. Indeed, Florida law requires insurers to provide proof of loss forms, and provides that insurers do not waive any right or defense by acknowledging receipt of a notice of loss or claim. Fla. Stat. §§ 627.425, 627.426.

The Court therefore finds, based upon its own independent research and the strong policy disfavoring motions to strike, that the SPOL and references thereto should not be stricken from ORP's Cross-claim.

Accordingly, it is

**ORDERED, ADJUDGED, and DECREED:**

Defendant's Motion to Strike (Doc. # 124) is **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 12th day of July, 2011.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

Counsel of Record